UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| The Cincinnati Insurance Company, | ) | |
| | ) | Case No. 1:26-cv-2275 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Verdeco Plastics, Inc. and Vanessa Contreras, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff The Cincinnati Insurance Company ("CIC") files this Complaint for Declaratory Judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, against Defendants Verdeco Plastics, Inc. ("Verdeco") and Vanessa Contreras:

1. CIC issued commercial general liability insurance coverage to Verdeco Plastics, Inc. as the named insured under policy no. ENP 009 86 31 with a policy period from August 25, 2021 to August 25, 2024 (the "Policy").

2. On November 10, 2025, Vanessa Contreras filed a lawsuit against Verdeco captioned *Vanessa Contreras, individually and on behalf of all others similarly situated v. Verdeco Plastics, Inc.*, case no. 2025LA001058, in the Circuit Court of Will County, Illinois, Law Division (the "Underlying Lawsuit").

3. A true and correct copy of the complaint in the Underlying Lawsuit (the "Underlying Complaint") is attached as **Exhibit A**.

4. CIC files this instant declaratory judgment action to seek a declaration of CIC and Verdeco's rights and obligations under the Policy with regard to the Underlying Lawsuit.

1

5. There exists a case or controversy between CIC and the Defendants regarding whether CIC is obligated under the Policy to defend and/or indemnify Verdeco for the Underlying Lawsuit.

## PARTIES, JURISDICTION, AND VENUE

6. The Cincinnati Insurance Company ("CIC") is a corporation organized under the laws of the State of Ohio, with its principal place of business in Fairfield, Ohio. CIC is a citizen of the State of Ohio for purposes of 28 U.S.C. § 1332.

7. Verdeco Plastics, Inc. ("Verdeco") is a corporation organized under the laws of the State of Illinois with its principal place in Will County, Illinois. Verdeco is a citizen of the State of Illinois for purposes of 28 U.S.C. § 1332.

8. Vanessa Contreras is a resident of the State of Illinois.

9. In the Underlying Lawsuit, Vanessa Contreras alleges that Verdeco violated BIPA "[e]ach instance [Vanessa Contreras] and the other Class members were required to scan their fingerprints for timekeeping purposes." (Ex. A, ¶ 35).

10. In the Underlying Lawsuit, Vanessa Contreras seeks, among other relief, $5,000 for each willful and/or reckless violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"); and $1,000 for each negligent violation of BIPA.

11. The amount in controversy in the Underlying Lawsuit thus exceeds the sum or value of $75,000, exclusive of interest and costs.

12. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because diversity exists between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to this claim occurred in Will County, which is situated

in this district. The Underlying Lawsuit involves the alleged collection of biometric information that allegedly transpired in Will County, the Underlying Lawsuit is proceeding in Will County, the Policy was issued for delivery in Will County, and Verdeco is based in Will County.

## FACTUAL BACKGROUND
### The Underlying Lawsuit

14. The Underlying Complaint alleges that Verdeco "captured, collected, stored, disseminated, and/or otherwise used the biometrics" of Vanessa Contreras and purported class members in violation of the Illinois Biometric Information Privacy Act, 740 ILCCS 14/10 *et seq.* ("BIPA") to track their time at work. (Ex. A ¶ 2).

15. The Underlying Complaint alleges that Verdeco's biometric timekeeping system extracted her biometric information, i.e., fingerprints. (Ex. A ¶ 16).

16. The Underlying Complaint seeks damages allegedly resulting from Verdeco's capture, collection, storage, use, and/or dissemination of biometric information. (Ex. A ¶¶ 36-40).

### The Policy

17. CIC issued Verdeco commercial general liability insurance ("CGL") under policy no. ENP 009 86 31, with a policy period of August 25, 2021 to August 25, 2024 (the "Policy").

18. A true and correct copy of the Policy is attached as **Exhibit B**.

19. The insuring agreement of Coverage B of the Policy's CGL coverage form states in part:

*COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY*

*1. Insuring Agreement*

*a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance*

3

*applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. . . .*

*       *       *

(Ex. B at CIC036).

20. The CGL coverage form contains the following definition of "personal and advertising injury":

> *"Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:*
> *a. False arrest, detention or imprisonment;*
> *b. Malicious prosecution;*
> *c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;*
> *d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;*
> *e. Oral or written publication, in any manner, of material that violates a person's right of privacy;*
> *f. The use of another's advertising idea in your "advertisement"; or*
> *g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".*

(Ex. B at CIC048).

21. The CGL coverage form contains the following exclusion (the "CGL Access or Disclosure Exclusion"):

> *This insurance does not apply to:*
>
> *"Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.*
>
> *This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense*

> *incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.*

(Ex. B at CIC070).

22. The Policy also contains an Excess Liability coverage form (the "Excess").

23. The Excess coverage form contains the following exclusion (the "Excess Access or Disclosure Exclusion"):

> *This insurance does not apply to:*
>
> ***Access or Disclosure of Confidential or Personal Information***
>
> *Any liability arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.*
>
> *This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.*

(Ex. B at CIC093).

24. The Excess coverage form contains the following exclusion (the "Underlying Insurance Exclusion):

> *This insurance does not apply to:*
>
> . . .
>
> **6. Underlying Insurance**
>
> > *Any liability not covered by "underlying insurance" for any reason other than the exhaustion of an aggregate limit of insurance by payment of claims.*

(Ex. B at CIC082).

25. The Excess contains the following definition of "underlying insurance":

> *"Underlying insurance" means the policy(ies) and limits of insurance shown in the Schedule of Underlying Insurance, including any renewal or replacement of such policy(ies), which provide the layer of coverage, whether primary or excess, immediately preceding the layer of coverage provided by this Coverage Part.*

(Ex. B at CIC087).

26. The Excess's Schedule of Underlying Insurance lists the Policy's CGL. (Ex. B at CIC075-76).

## COUNT I

### (Declaratory Judgment – The CGL)

27. CIC incorporates the foregoing paragraphs 1-26 as if fully set forth herein.

28. The complaint in the Underlying Lawsuit contains allegations that do not qualify as "personal and advertising injury."

29. Even if the "personal and advertising injury" requirement is satisfied, the CGL Access or Disclosure Exclusion bars coverage for "personal and advertising injury" arising out of the access to or disclosure of a person's confidential or personal information.

30. The Underlying Lawsuit seeks damages that allegedly arose from the access to or disclosure of Vanessa Contreras and the purported class members' biometric information.

31. The Underlying Lawsuit seeks damages that allegedly arose from the access to or disclosure of Vanessa Contreras and the purported class members' confidential or personal information.

32. Consequently, the CGL Access or Disclosure Exclusion bars CGL coverage for the Underlying Lawsuit.

33. CIC has no duty to defend or indemnify Verdeco in connection with the Underlying Lawsuit under the CGL.

## COUNT II

### (Declaratory Judgment – The Excess)

34. CIC incorporates the foregoing paragraphs 1-26 as if fully set forth herein.

35. The Excess Access or Disclosure Exclusion bars coverage for liability arising out of the access to or disclosure of a person's confidential or personal information.

6

36. The Underlying Lawsuit seeks damages that allegedly arose from the access to or disclosure of Vanessa Contreras and the purported class members' biometric information.

37. The Underlying Lawsuit seeks damages that allegedly arose from the access to or disclosure of Vanessa Contreras and the purported class members' confidential or personal information.

38. Consequently, the Excess Access or Disclosure Exclusion bars Excess coverage for the Underlying Lawsuit.

39. The Excess's Underlying Insurance Exclusion bars coverage for liability that is not covered by the "underlying insurance" for any reason other than the exhaustion of an aggregate limit of insurance by payment of claims.

40. The Policy's CGL is the Excess's "underlying insurance."

41. The Lawsuit is not covered under the CGL due to the CGL Access or Disclosure Exclusion.

42. The Lawsuit is therefore not covered under the CGL for a reason other than the exhaustion of an aggregate limit of insurance by payment of claims.

43. Consequently, the Lawsuit is not covered under the Excess's "underlying insurance" for a reason other than the exhaustion of an aggregate limit of insurance by payment of claims.

44. Therefore, the Underlying Insurance Exclusion bars Excess coverage for the Lawsuit.

45. CIC has no duty to defend or indemnify Verdeco in connection with the Underlying Lawsuit under the Excess.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff the Cincinnati Insurance Company respectfully requests that the Court enter a judgment declaring that:

a. The Cincinnati Insurance Company has no obligation to defend Verdeco Plastics, Inc. in connection with the Underlying Lawsuit;

b. The Cincinnati Insurance Company has no obligation to indemnify Verdeco Plastics, Inc. in connection with the Underlying Lawsuit;

c. The Cincinnati Insurance Company is awarded any such other and further relief as the Court may deem just and proper.

Dated: February 27, 2026

Respectfully submitted,

THE CINCINNATI INSURANCE COMPANY

/s/ *Dennis M. Dolan*
One of Its Attorneys

Dennis M. Dolan, ARDC #6229150
LITCHFIELD CAVO LLP
303 W. Madison, Suite 300
Chicago, IL 60606
(312) 781-6641 Direct
(312) 781-6630 Fax
Email: Dolan@LitchfieldCavo.com