Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2025LA001058
Filed Date: 11/10/2025 4:51 PM
Envelope: 35298817
Clerk: JM

IN THE CIRCUIT COURT OF WILL COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| VANESSA CONTRERAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VERDECO PLASTICS, INC.,<br><br>Defendant. | CASE NO.: 2025LA001058<br><br>CLASS ACTION<br><br>Jury Demand Endorsed Hereon |

## CLASS ACTION COMPLAINT

Plaintiff Vanessa Contreras, ("Plaintiff"), individually and on behalf of all similarly situated individuals, brings this Class Action Complaint against Verdeco Plastics, Inc. ("Defendant") for its violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to obtain redress for persons injured by its conduct. Plaintiff alleges the following based on personal knowledge as to Plaintiff's own experiences, and as to all other matters, upon information and belief, including an investigation conducted by Plaintiff's attorneys.

## INTRODUCTION

1. BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including fingerprints. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

2. This case concerns the misuse of individuals' biometrics by Defendant. Using biometric enabled technology, Defendant has captured, collected, stored, disseminated, and/or



Initial case management set for 03/02/2026 at: 9:00 a.m.

CIC001rm;902

otherwise used the biometrics of Plaintiff and other Class members, without their informed written consent as required by law, in order to track their time at work.

3. BIPA provides, *inter alia,* that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they first:

(1) inform the person whose biometrics are to be collected *in writing* that biometric identifiers or biometric information will be collected or stored;

(2) inform the person whose biometrics are to be collected *in writing* of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used;

(3) receive a *written release* from the person whose biometrics are to be collected, allowing the capture and collection of their biometric identifiers or biometric information; and

(4) make publicly available written retention guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a).

4. Compliance with BIPA is straightforward and inexpensive, and may be accomplished through a single, signed sheet of paper. BIPA's requirements bestow a right to privacy in biometrics and a right to make an *informed* decision when electing whether to provide or withhold biometrics.

5. Defendant's biometric timekeeping system works by extracting biometric information from individuals, such as handprints, fingerprints or portions thereof, and subsequently using the same for authentication and timekeeping purposes. The system includes the dissemination of biometrics to each other and third parties, such as data storage vendors and payroll services.

6. The Illinois Legislature has found that "biometrics are unlike other unique

identifiers that are used to access finances or other sensitive information. For example, even sensitive information like Social Security numbers can be changed. Biometrics, however, are biologically unique to each individual **and,** once compromised, such individual has no recourse, is at a heightened risk for identity theft, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5. The risk is compounded when a person's biometrics are also associated with their other personally identifiable information.

7. The deprivation of the statutory rights conferred by BIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

8. Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's conduct in violating Plaintiffs state biometric privacy rights.

9. On Plaintiff's own behalf, and on behalf of the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of damages, including statutory damages, to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

10. At all relevant times, Plaintiff Vanessa Contreras has been a resident and citizen of the state of Illinois.

11. Defendant is a for-profit corporation that conducts substantial business throughout the state of Illinois and in Will County.

## JURISDICTION AND VENUE

12. This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant does business within this State and because Plaintiff's claims

arise out of Defendant's unlawful in-state actions, as Defendant captured, collected, stored, and/or used Plaintiff's biometric identifiers and/or biometric information in this State.

13. Venue is proper in this County pursuant to 735 ILCS 5/2-101, because Defendant conducts business in this County and thus resides there under § 2-102.

**FACTS SPECIFIC TO PLAINTIFF**

14. Plaintiff worked as an employee for Defendant in the year 2023.

15. As part of the operational protocols set in place by Defendant, all employees are required to clock in and out of work using their fingerprints.

16. During the relevant time period, including the time period when Plaintiff worked for Defendant, Defendant implemented biometric scanning and time-tracking devices and technology to monitor and manage their workers', including Plaintiff's time on the job. Such devices collect their users' biometric identifiers, *i.e.* fingerprints, and convert them to an electronic format *derived from* those identifiers, *i.e.* biometric information. Such conversion is necessary for storing biometrics on the device itself, and to allow Defendant to transmit biometric data to third parties, such as data storage or payroll vendors.

17. Plaintiff was required to provide – and did in fact provide – biometric scans to Defendant each time Plaintiff clocked in and clocked out of a shift at work.

18. Though Defendant collected, stored, and used Plaintiff's biometrics for timekeeping and access purposes, Defendant never provided Plaintiff with any written disclosures informing Plaintiff that it was collecting, storing, and using biometrics or explaining the purpose or length of term for which the biometrics were being collected and stored. Defendant never sought, nor has Plaintiff ever provided, any written consent relating to Defendant's collection, use, or storage, or dissemination of the biometrics.

19. Though Defendant came into possession of Plaintiff's biometrics, Defendant has failed to make publicly available any written biometric retention, storage or destruction policy.

20. In addition, Defendant disseminated electronic information derived from the scanning of Plaintiff's biometric identifiers to third parties, including vendors for timekeeping, data storage, and payroll purposes, without obtaining Plaintiff's consent to do so.

21. By failing to comply with BIPA, Defendant has violated Plaintiff's substantive state rights to biometric privacy.

## CLASS ALLEGATIONS

22. Plaintiff brings this action individually and on behalf of all similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> All individuals whose biometrics were captured, collected, stored, used, transmitted, and/or disseminated by or on behalf of Defendant within the state of Illinois at any time within the applicable limitations period (the "Class").

23. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

24. Upon information and belief, there are hundreds of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's personnel records.

25. Plaintiff's claims are typical of the claims of the members of the Class Plaintiff

seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendant's BIPA violations.

26. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

a. Whether Defendant's conduct is subject to BIPA;

b. Whether Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics;

c. Whether Defendant obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometrics;

d. Whether Defendant provided a written disclosure that explains the specific purposes, and the length of time, for which biometrics were being collected, stored and used before taking such biometrics;

e. Whether Defendant disseminated or disclosed the Class members' biometrics to each other and third parties with their consent;

f. Whether Defendant's conduct violates BIPA;

g. Whether Defendant's violations of the BIPA are willful or reckless; and

h. Whether Plaintiff and the Class are entitled to damages and injunctive relief

27. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that

it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

28. Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel has any interest adverse to those of the other members of the Class.

29. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

**COUNT I**
**Violation of the Illinois Biometric Information Privacy Act**
**(Damages)**

30. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

31. Defendant is a private entity under BIPA.

32. BIPA requires any private entities, such as Defendant, to obtain informed written consent from individuals before collecting or acquiring their biometric identifiers or biometric information. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject ... in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject ... in writing of the specific purpose and length of for which a biometric identifier

or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information.... " 740 ILCS 14/15(b).

33. BIPA also requires private entities in possession of biometric identifiers and/or biometric information to make publicly available a biometric retention and destruction policy. Entities which possess biometric identifiers or information must (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric information (entities may not retain biometric information longer than three years after the last interaction with the individual); and (ii) adhere to the publicly posted retention and deletion schedule.

34. Plaintiff and the other Class members have had their "biometric identifiers," namely their fingerprints, or information derived therefrom, *i.e.* "biometric information," collected, captured, or otherwise obtained by Defendant.

35. Each instance Plaintiff and the other Class members were required to scan their fingerprints for timekeeping purposes, Defendant captured, collected, stored, and/or used Plaintiff's and the other Class members' biometric identifiers or biometric information without valid consent and without complying with and, thus, in violation of BIPA.

36. Defendant's practice with respect to capturing, collecting, storing, and using biometrics fails to comply with applicable BIPA requirements:

a. Defendant failed to inform Plaintiff and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(6)(1);

b. Defendant failed to inform Plaintiff and the Class in writing of the specific

purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(6)(2);

c. Defendant failed to inform Plaintiff and the Class in writing of the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(6)(2);

d. Defendant failed to obtain a written release, as required by 740 ILCS 14/15(6)(3);

e. Defendant failed to make publicly available any written retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store, as required by 740 ILCS 14/15(a); and

f. Defendant failed to obtain informed consent to disclose or disseminate the Class's biometrics to third parties, as required by 740 ILCS 14/15(d)(l).

37. By capturing, collecting, storing, using, and disseminating Plaintiff's and the Class's biometrics as described herein, Defendant denied Plaintiff and the Class their right to statutorily required information and violated their respective rights to biometric information privacy, as set forth in BIPA.

38. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

39. Defendant's violations of BIPA, a statute that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements.

Alternatively, Defendant negligently failed to comply with BIPA.

40. Accordingly, Plaintiff, individually and on behalf of the proposed Class, in the amount of liquidated damages or actual damages, whichever is greater. 740 ILCS § 14/20(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. Declaring that Defendant's actions, as set forth herein, violate BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendants to comply with BIPA;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(2);

e. Awarding statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(1);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Awarding such further and other relief as the Court deems just and equitable.

## COUNT II
**Violation of the Illinois Biometric Information Privacy Act**
(Injunctive Relief)

41. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

42. The Act provides for injunctive relief. 740 ILCS § 14/20(4).

43. Plaintiff and class members are entitled to an order requiring Defendant to make disclosures consistent with the Act and enjoining further unlawful conduct.

44. Plaintiff seeks an order requiring Defendant to publicly disclose a written policy establishing the specific purpose and length of term for which class members' biometric data has been collected, stored, and used. Additionally, Plaintiff seeks a disclosure from Defendant relative to its policy of permanently destroying class members' biometric data. 740 ILCS § 14/15(a).

45. Plaintiff seeks an order requiring Defendant to disclose whether Defendant retained their or any other class members' biometrics, and, if so, when and how such biometrics were permanently destroyed.

46. Plaintiff seeks an order requiring Defendant to disclose to whom it has disseminated, sold, or transferred Plaintiffs and class members' biometric data.

47. Plaintiff seeks an order requiring Defendant to disclose the standard of care that it employed to store, transmit, and protect class members biometrics.

48. Plaintiff seeks an order enjoining Defendant from future violations of the Act.

49. Plaintiff and class members do not know what Defendant has done (or intends to do) with their biometric data. Injunctive relief is necessary to afford Plaintiff and class members the safety and peace of mind envisioned by the passage of the Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying this case as a class action, naming Plaintiff as class representatives and their counsel as class counsel;

b. Declaring that Defendant has violated the Illinois Biometric Information Privacy Act, and enter a judgment in favor of Plaintiff and the class;

c. Awarding injunctive and equitable relief as necessary to protect the interests of the Plaintiff and the class;

d. Awarding reasonable attorneys' fees and costs of this action;

e. Awarding such other general and equitable relief as this Court deems equitable and just.

**JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: November 10, 2025

Respectfully submitted,

/s/ Mark Hammervold
ARDC #6320744
Mark Hammervold
HAMMERVOLD LAW, LLC
155 S. Lawndale Ave.
Elmhurst, IL 60126
(405) 509-0372
mark@hammervoldlaw.com

*Attorney for Plaintiff and the Putative Class*